UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.
d/b/a Dollar Tree #2117,
PARK HILL PLAZA 1670, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Dollar Tree Stores, Inc. doing business as Dollar Tree #2117 and Defendant Park Hill Plaza 1670, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Dollar Tree Stores, Inc. d/b/a Dollar Tree #2117(also referenced as "Defendant Dollar Tree," "operator," or "lessee") is a foreign corporation registered in Florida, and is a subsidiary of Dollar Tree, Inc. which is a NASDAQ publicly traded corporation on the S&P 100 and 500 components which operates 15,115 discount variety stores throughout 48 contiguous United States and Canada. The parent company operates discount variety stores under the brands "Dollar Tree," "Dollar Bills," and "Family Dollar."

6. Defendant Park Hill Plaza 1670, LLC (also referenced as "Defendant Park Hill Plaza," "Owner," or "lessor") is the owner of commercial real property identified as Folio 30-4004-009-0030 with the address 9501 West Flagler Street, Miami, Florida 33174. Defendant Park Hill Plaza's commercial property is built out as a community shopping center which has been sub-divided for individual tenants such as Winn Dixie supermarket, Pamen Liquor store, La Casa De Las Argollas restaurant, Metro/T-Mobile cell phone store, Papa John's Pizza, Supercuts, Wendy's fast food, and a Denny's family restaurant.

## FACTS

7. Defendant Park Hill Plaza's commercial property also encompasses the address 9525 West Flagler Street, which is the address of the Dollar Tree #2117 store. At all

times material hereto, this portion of Defendant Park Hill Plaza's property has been leased to co-Defendant Dollar Tree (the lessee). The lessee in turn has operated its Dollar Tree discount variety store within that leased space.

8. At all times material hereto, Defendant Dollar Tree was (and is) a company owning and operating discount variety stores under the "Dollar Tree" brand which are open to the public. Each of the Defendant's discount variety stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

9. As the operator of discount variety stores which are open to the public, Defendant Dollar Tree is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a discount variety store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

10. Defendant's discount variety store located at 9525 West Flagler Street, Miami, Florida 33174 is identified by Defendant as Dollar Tree #2117. Because Dollar Tree #2117 is open to the public, it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) since discount variety stores meet the definition of "other" sales establishment. Dollar Tree #2117 is also referenced as a "discount variety store," "store," or "place of public accommodation."

11. Because Plaintiff is frequently in the area, of the Dollar Tree #2117 store, on March 28, 2022 Plaintiff went to that store with the intent of purchasing items for his home and to test for compliance with the ADA/ADAAG.

12. While Plaintiff was shopping/testing in Dollar Tree #2117, he met areas of inaccessibility in the self-serve isles as those isles ere not configured to provide clear width

3

for individuals perambulating in wheelchairs. Further when Plaintiff went to the restroom, he met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13.     Due to the inaccessible public spaces within Defendants' place of public accommodation Plaintiff has been denied full and equal access by the operator/lessee of that discount variety store (Defendant Dollar Tree) and by the owner/lessor of the commercial property which houses the discount variety store (Defendant Park Hill Plaza).

14.     On information and belief, Defendant Dollar Tree is well aware of the ADA and the need to provide for equal access in all areas of its 15,115 discount variety stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Dollar Tree #2117 discount variety store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15.     As the owner of a community shopping center part of which is which is operated as a discount variety store open to the public, Defendant Park Hill Plaza 1670, LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).  As an investor and owner of a community shopping center being used as multiple places of public accommodation, Defendant Park Hill Plaza should be well aware of the ADA and the need to provide for equal access in all areas of its community shopping center which are open to the public. Therefore, Defendant Park Hill Plaza's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Dollar Tree #2117 discount variety store located within its community shopping center is fully

accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Dollar Tree #2117 located at 9525 West Flagler Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

5

        order to address the major areas of discrimination faced on a daily by people with disabilities.

        42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited and tested the Dollar Tree #2117 store for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he patronized/tested the store. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Dollar Tree (operator of Dollar Tree #2117) and Defendant Park Hill Plaza (owner of the commercial property housing the Dollar Tree #117 store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the discount variety store, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Dollar Tree #2117 discount variety store.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.   The community shopping center which is owned by Defendant Park Hill Plaza and houses the Dollar Tree #2117 store is operated by Defendant Dollar Tree. This commercial space is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i.   As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty shopping and transiting through the Dollar Tree #2117 store aisles without assistance, as the self-serve aisles within the store do not maintain the clear width requirements for retail shopping isles, thus the isles create barriers to access for individuals who are confined to wheelchairs or who use other mobility devices. Failure to maintain clear width of isles is a violation of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 of the 2010 ADA Standards for Accessible Design.

   ii.   As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch.  This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG (require controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with

       force required to activate no greater than 5 lbs.)  and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Section 404.2.7 which states "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

iii. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the stall door, as the locking hardware is non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9 and Section 4.27.4 which require controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.  Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

iv. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections

      604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

v. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not in the required location from the side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

vi. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted obstructing the side wall grab bar which infringes on the required space. Wall-mounted objects, such as dispensers, can interfere with the use of grab bars if placed below or above grab bars in violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm)

        minimum. Section 4.26.2 Fig.39 (e) demarks the clear space under the grab bar shall be 1½ in (38 mm) and Section 4.26.2 Fig. 39(d) demarks that clear space above the grab bar must be 18 inches for a recessed grab bar and Fig. 39(a) demarks 1½ inches (38 cm) clear space above the grab bar.  In this instant case, the space between the wall and grab bar is not as required by section 4.26.2

vii. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance because the paper towel dispenser is mounted over the rear wall grab bar which infringes on the required space. Wall-mounted objects, such as dispensers, can interfere with the use of grab bars if placed above grab bars in violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design (with further discussion in the preceding section).

viii. As to Defendant Dollar Tree (lessee/operator) and Defendant Park Hill Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the paper dispenser without assistance as it is not mounted in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 Figure 29 of the ADAAG and Sections 604, 604.7, and 309.4 of the 2010 ADA Standards for Accessible Design.

    28. Pursuant to 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, the Defendants are required to make the Dollar Tree #2117 discount variety store commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the discount variety store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Park Hill Plaza 1670, LLC (owner of the community shopping center housing the Dollar Tree #2117 store) and Defendant Dollar Tree Stores, Inc. (lessee of that portion of the community shopping center housing its Dollar Tree #2117 store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the community shopping center and the Dollar Tree #2117 store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 18th day of April, 2022

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166

8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*